**Lazaro LORENZO–ECHEVARRIA, Petitioner–Appellee,**

v.

**Carol JENIFER, District Director, U.S. Immigration and Naturalization Service, Respondent–Appellant.**

No. 01–2208.

United States Court of Appeals, Sixth Circuit.

Feb. 5, 2004.

Lazaro Lorenzo–Echevarria, pro se, for Petitioner–Appellee.

Blair O'Connor, U.S. Department of Justice, Immigration Litigation, Civil Divison, Emily A. Radford, U.S. Department of Justice, Office of Litigation, Washington, DC, for Respondent–Appellant.

Before BATCHELDER, GIBBONS, and COOK, Circuit Judges.

### ORDER

Respondent-appellant, the District Director of the United States Immigration and Naturalization Service, appeals a district court judgment in a case filed pursuant to 28 U.S.C. § 2241, ordering Lazaro Lorenzo–Echevarria to be released from the custody of the Immigration and Naturalization Service (INS). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Lorenzo–Echevarria is a Cuban citizen who arrived in this country during the Mariel boatlift in 1980. He is an excludable criminal alien who was given parole status pursuant to section 212(d)(5) of the Immigration and Nationality Act, 8 U.S.C. § 1182(D)(5). In 1996, a Florida jury found Lorenzo–Echevarria guilty of aggravated assault. The trial court sentenced Lorenzo–Echevarria to twenty months of imprisonment. In light of that conviction, the INS revoked Lorenzo–Echevarria's parole status and began removal proceedings against him. On April 7, 1997, Lorenzo–Echevarria was ordered to be excluded and deported to Cuba. Cuba, however, refused to accept Lorenzo–Echevarria. Thus, although he had served the sentence for his state criminal conviction, Lorenzo–Echevarria remained in the custody of the INS where he received periodic consideration for parole. See 8 C.F.R. § 212.12.

In his petition for habeas relief, Lorenzo–Echevarria challenged the authority of the Attorney General to detain him indefinitely without charging him with a crime or affording him a trial. The district court determined that the relevant facts in the case at bar were precisely the same as in Rosales–Garcia v. Holland, 238 F.3d 704 (6th Cir.) ("Rosales–Garcia I"), vacated and remanded by, 534 U.S. 1063, 122 S.Ct. 662, 151 L.Ed.2d 577 (2001), on remand, 322 F.3d 386 (6th Cir.) ("Rosales–Garcia II"), cert. denied, —— U.S. ——, 123 S.Ct. 2607, 156 L.Ed.2d 627 (2003). Accordingly, the district court ordered Lorenzo–Echevarria to be released from INS custody. This court ordered the case to be held in abeyance pending the Supreme Court's disposition of the government's petition for a writ of certiorari in Rosales–Garcia II. On June 23, 2003, the Supreme Court denied the government's petition. The case was returned to the active docket.

On appeal, respondent-appellant acknowledges that the facts of this case are not in dispute, and that the issue raised in this appeal is controlled by our decision in Rosales–Garcia II. Thus, the respondent-appellant suggests that this case is appropriate for summary disposition consistent with this court's decision in Rosales–Garcia II.

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for

934

the reasons set forth in the district court's order of July 2, 2001.